JOHN E. McMURTRY ET AL., PARTNERS, TRADING AS JOHN E. McMURTRY AND COMPANY, PLAINTIFFS, v. FARM SERVICE EXCHANGE, INC., DEFENDANT.

Argued May 8, 1924—Decided September 29, 1924—Filed October 7, 1924.

Contracts — Consignment Agreement — Commissions—Counter-claim of Sale of Goods to Complainant—Judgment for De-fendant—Allegation That Judgment was Against Evidence Sustained.

On rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the plaintiffs, *Darling, Barnes & Dowden.*

For the defendant, *Treacy & Millon.*

PER CURIAM.

Plaintiffs sued to recover $909.43 for commissions, insurance and other charges claimed to be due them under a consignment agreement of wool.

Defendant counter-claimed, claiming a sale to plaintiffs of wool for which plaintiffs agreed to pay $11,451, upon which a payment on account of $6,000 had been made, leaving a balance due defendant of $5,451.44 and interest, or, secondly, that defendant sold to plaintiffs wool reasonably worth $11,451.44, upon which plaintiffs made a payment on account, leaving a balance due defendant of $5,451.44, or

that defendant shipped to plaintiffs seventeen thousand nine hundred and forty-one pounds of wool, part of which was consigned to be sold by them for defendant's account; that plaintiffs disregarded their duty to defendant, and did not sell such wool for the best market price obtainable to defendant's damage, $10,000.

Defendant has a judgment against plaintiffs for $3.170, and has a rule to show cause why such judgment and the verdict upon which it is based should not be set aside and a new trial had, because—

1. The verdict is against the weight of the evidence.

2. Because the verdict is contrary to law.

As far as the counter-claim is concerned, that cause was submitted to the jury upon the ground that they might find thereon if the greater weight of the evidence warranted them in finding—

1. That there was a sale in April, 1920, by defendant to plaintiffs of the balance of wool in the hands of plaintiffs, at fifty cents per pound, and such selling price had not been paid; or

2. That plaintiffs were directed to sell at the market, and the market price was then at or around fifty cents per pound, and plaintiffs did not sell, but sold at a much later date at a far less sum, entitling defendant to the difference between price received and the market price at time of direction to sell.

An examination of the testimony satisfied us that the verdict is against the clear weight of the evidence as to both of said foregoing propositions.

The verdict not being supported by a fair preponderance of the evidence, it and the judgment entered thereon are set aside, with costs, and a *venire de novo* is awarded.